**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **WWC LICENSE, LLC,** ) | **CASE NO. 4:04CV3261** |
| ) | |
| **Plaintiff,** ) | |
| ) | **MEMORANDUM** |
| vs. ) | **AND ORDER** |
| ) | |
| **GERALD L. VAP, et. al.,** ) | |
| ) | |
| **Defendants.** ) | |

This matter is before the Court on the Plaintiff's Motion to Set Aside an Order of the Nebraska Public Service Commission ("NPSC") (Filing No. 43) on the basis that the NPSC lacked jurisdiction to enter its order after this action was filed. Plaintiff WWC License, LLC ("WWC"), argues that the filing of the Complaint is an appeal and divests the NPSC of jurisdiction during the pendency of the appeal. The Defendants oppose the motion, arguing that this Court's authority is based on its original, federal-question jurisdiction and that this Court has no appellate jurisdiction that would curtail the NPSC's authority to modify its order. WWC has offered evidence in support of its position, and all parties have briefed the matter. (Filing Nos. 44, 45, 46, and 47).

WWC License, LLC, is a wholly-owned subsidiary of Western Wireless Corporation. The Defendants include the Chairman and members of the Nebraska Public Service Commission ("NPSC") in their official capacities and the thirty-three local and rural local exchange carriers listed in the footnote below.[1]

---

[1] Araphoe Telephone, Benkleman Telephone, Clarks Telecommunications, Consolidated Telco, Consolidated Telcom, Consolidated Telephone, Cozad Telephone, Curtis Telephone, Dalton Telephone, Diller Telephone, Eastern Nebraska Telephone, Elsie Communications, Glenwood Telephone, Great Plains Communications, Hamilton Telephone, Hartington Telecommunications, Hartman Telephone, Hemingford Telephone, Hersey Cooperative Telephone, Hooper Telephone, K&M Telephone, Keystone Arthur Telephone, Mainstay Communications, Nebraska Central Telephone, Northeast Nebraska Telephone, Pierce Telephone, Planview Telephone, Rock County Telephone, Sodtown Telephone, Southeast Nebraska Telephone, Stanton Telecom, Three River Telco, and Wauneta Telephone.

**Procedural Background**

The Telecommunications Act of 1996, codified at 47 U.S.C. § 151 *et seq. (*"TCA"*),* was designed "to promote telecommunications deregulation and accelerate competition." *T.G. Detroit v. City of Dearborn,* 977 F.Supp. 836, 841 (E.D. Mich. 1997) citing H.R. Conf. Rep. No. 104-458 (1996).  Pursuant to the TCA, each telecommunications carrier has the duty to interconnect directly or indirectly with the facilities and equipment of other telecommunications carriers.  47 U.S.C. §251(a)(1).  Section 251(b)(2) of the TCA requires the telecommunications carriers that were in place at the time the TCA was enacted, referred to as incumbent local exchange carriers ("ILECs"), under most circumstances, to provide local number portability in accordance with Federal Communication Commission ("FCC") rules.

On November 10, 2003, the FCC issued an order, *In the Matter of Telephone Number Portability,* that the parties refer to as the "Intermodal Order."  This order required telecommunications carriers such as the defendant carriers, which are both incumbent and rural local exchange carriers (collectively referred to throughout as "RLECs"), to implement wireline-to-wireless local number portability ("LNP").  Western Wireless Corporation requested the RLECs to implement wireline-to-wireless LNP.  In response, the RLECs filed applications with the NPSC to suspend or modify their obligations to implement the LNP.  Western Wireless Corporation intervened in the NPSC action to oppose the applications.

On July 20, 2004, pursuant to authority granted to it in 47 U.S.C. § 251(f)(2), the NPSC granted the RLECs' applications and issued an order suspending the RLECs'

obligations to implement LNP until January 20, 2006 ("Suspension Order").  The Suspension Order provided that the RLECs could seek a further suspension of their obligations if they filed an application for further relief with the NPSC on or before July 20, 2005. (Filing No. 44, Ex. 1 and 2).

On August 5, 2004, WWC License filed its Complaint (Filing No. 1), seeking declaratory relief to the effect that the NPSC improperly granted the Suspension Order, and injunctive relief to prevent enforcement of the Suspension Order.[2]  The RLECs filed a motion to stay this action pending the FCC's completion of a regulatory flexibility analysis, and both WWC and the NPSC agreed to the stay.  This matter was stayed by Order dated April 8, 2005.  (Filing No. 42)[3].

A month after this Court entered the stay, the RLECs filed an application with the NPSC seeking amendment of the deadline for filing requests to extend the suspension of the RLECs' obligation to implement the LNP.  In response, Western Wireless filed with the NPSC a Formal Petition to Intervene and a motion to dismiss, based on the NPSC's alleged lack of subject matter jurisdiction given the pendency of the Complaint in this Court.  On July 12, 2005, the NPSC rejected Western Wireless's jurisdictional argument, granted the RLECs' May 11, 2005 application, and modified its Suspension Order ("Modification

---

[2] In the meantime, a petition for review was filed in the District of Columbia Circuit Court of Appeals challenging the legality of the Intermodal Order.  See *United States Telecom Assoc. v. FCC,* Case No. 03-1414 (D.C. Cir. 2005).  The D.C. Circuit Court's decision case was released on March 11, 2005, finding that the Intermodal Order was valid in all respects except for the FCC's failure to prepare a regulatory flexibililty analysis as required by 5 U.S.C. §604.  The matter was remanded to the FCC for the purpose of preparing such an analysis.

[3]  The stay has been continued through April 11, 2006.  (Filing No.  49).

Order"). If the Modification Order is not set aside by this Court, then the Modification Order will permit the RLECs to file a petition, up to 30 days after the FCC completes its regulatory flexibility analysis, seeking further relief from their obligation to implement the LPN. If such a petition is filed, then the Modification Order will automatically extend the Suspension Order for 120 days after the date the petition for further relief was filed. (Filing No. 44, Ex. 5 at pp 4-5). It is the NPSC's Modification Order that WWC seeks to set aside.

There is no dispute that this Court has been asked to review the NPSC's application and interpretation of federal law. The parties do not actually dispute that the Court has jurisdiction to conduct such a review. The only issues are 1) whether the Court's authority to review the NPSC's decision is based on the district court's original jurisdiction or on some kind of appellate jurisdiction, and 2) what effect this Court's jurisdiction has upon the NPSC's jurisdiction, if any.

**Analysis**

WWC argues that the Complaint seeks review of the NPSC decision to suspend the RLECs' obligations under the Intermodal Order in the nature of an appeal. WWC argues that once this Court's jurisdiction to review the NPSC's decision was invoked by the filing of its Complaint, the NPSC was divested of jurisdiction pending the completion of this Court's review, and the NPSC had no jurisdiction to issue the Modification Order. The Defendants argue that because the Complaint asserts jurisdiction under 28 U.S.C. § 1331, which is a grant of "original" jurisdiction to the federal courts as distinguished from appellate jurisdiction, this Court's exercise of jurisdiction does not affect the NPSC's jurisdiction over its case, including its authority to modify the Suspension Order.

This Court is vested with original jurisdiction to review state commission orders for compliance with federal law pursuant to 28 U.S.C. §1331.  The United States Supreme Court has held that nothing in the TCA strips federal district courts of jurisdiction under 28 U.S.C. § 1331, and held that the federal court had jurisdiction over the public service commission.  *Verizon Maryland, Inc. v. Public Service Com'n of Maryland,* 535 U.S. 635 (2002). The Supreme Court in *Verizon Maryland* also specifically rejected the public service commission's argument that the *Rooker-Feldman* doctrine precluded district court review, stating "[t]he doctrine has no application to judicial review of executive action, including determinations made by a state administrative agency." *Id.* at 644, n. 3 [4]

While the Eighth Circuit Court of Appeals has not directly addressed the jurisdictional issue presented in this case, it has acknowledged that "[f]ederal courts have the ultimate power to interpret provisions of the 1996 [Telecommunications] Act, including whether § 251(b)(5)'s reciprocal compensation requirement applies to the wireless traffic at issue here, even though this case is not brought within the context of a § 252(e)(6) proceeding."  *Iowa Network Services, Inc. v. Qwest Corp.*, 363 F.3d 683, 692 (8th Cir. 2004).  The Eighth Circuit Court has also affirmed that, "whether an agency acts within its

---

[4] Plaintiff's argument that this Court's review constitutes an exercise of appellate jurisdiction in this case could be construed as an invitation to enter an ongoing debate that continues even after the *Verizon Maryland* case was decided.  Several courts have analyzed whether 47 U.S.C. § 252(e)(6) expanded federal district court jurisdiction to include appellate jurisdiction in cases involving the TCA.  *BellSouth Telecommunications, Inc. v. MCImetro Access Transmission Services , Inc.,* 317 F.3d 1270 (11th Cir. 2003)(. Southern New England Telephone Co. v. Connecticut, Dept. of Public Utility Co., 285 F.Supp.2d 252, 257 (D.Conn. 2003); *Illinois Bell Telephone Co. v. Wright*, 2003 WL 22757752 (N.D. Ill. 2003).  Even if Congress intended to expand the jurisdiction of United States district courts to include appellate jurisdiction pursuant to 47 U.S.C. § 252(e)(6), such an expansion of jurisdiction is limited to cases involving the interpretation, approval, or rejection of interconnection agreements.  Those issues are not raised in this case.  Thus, I conclude section 252(e)(6) and the attendant debate play no role in this case.

statutory authority is a question of law to be reviewed de novo." *Qwest Corp. v. Minnesota Public Utilities Com'n,* 427 F.3d 1061, 1064 (8th Cir. 2005) citations omitted.

I conclude that this Court has the power under its original federal-question jurisdiction to review the NPSC's Suspension Order for compliance with the TCA, specifically with 47 U.S.C. § 251(f)(1) and (2). The Complaint filed by WWC License alleges that the NPSC wrongly decided a question of federal law under a decisional power conferred upon it by the TCA. This Court's review of the NPSC's decision will be pursuant to 28 U.S.C. § 1331, which allows review of executive actions, including determinations made by state administrative agencies that have been vested with executive authority. The Court's exercise of jurisdiction is not pursuant to an appellate jurisdiction that some have argued has been written into law. This Court's exercise of original jurisdiction over WWC's claims is not an exercise of appellate jurisdiction and does not divest the NPSC of its jurisdiction over the matter.[5]

In so deciding, I acknowledge that this concurrent jurisdiction may present some procedural awkwardness as this case proceeds. Nevertheless, the NPSC's Modification Order will not be set aside. At this stage in the proceedings, the practical effect on the parties is negligible. The NPSC's Modification Order maintains the status quo of the

---

[5] *Morrone v. CSC Holdings Corp.* 2005 WL 3498279, 3-4 (E.D.N.Y. 2005) demonstrates that a federal district court's review of a public service commission's actions can occur simultaneously with the public service commission's consideration of the same matter. Morrone, a pro se plaintiff, sought injunctive relief against the PSC under the Cable Act, 47 U.S.C. §§531(a) based on an alleged violation of federal law requiring cable system operators to provide public access on their systems. The district court permitted the plaintiff to amend his complaint to state a claim for relief given that the PSC had taken action after the filing of the first complaint that could be alleged in an amended complaint to state a claim.

parties as it existed at the time this action was filed. Both the NPSC and this Court are awaiting the FCC's action on the regulatory flexibility analysis.

## Conclusion

I considered WWC's motion, even though the matter was stayed, because WWC alleged an intrusion upon this Court's jurisdiction. Given the resolution of the motion, the parties' positions in this litigation are unchanged, and the stay remains in effect. For the reasons stated in this Memorandum and Order, the Court has original, federal-question jurisdiction over the subject matter of the Complaint, but there is no reasonable basis for this Court to set aside the Modification Order of the NPSC. Accordingly,

IT IS ORDERED:

The Plaintiff's Motion to Set Aside an Order of the Nebraska Public Service Commission (Filing No. 43) is denied.

Dated this 17th day of January, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge